Timothy W. Snider, OSB No. 034577
timothy.snider@stoel.com
Stephen H. Galloway, OSB No. 093602
stephen.galloway@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

        Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TRUEMAN DIETER, individually and on behalf of other customers, | Case No.: |
| Plaintiffs, | **DEFENDANT'S NOTICE OF REMOVAL** |
| v. | |
| WALGREEN CO., | |
| Defendant. | |

Pursuant to 28 U.S.C. §§ 1332(a), (d), 1441, 1446 and 1453, defendant Walgreen Co.

("Defendant") files this Notice of Removal to remove this putative class action, and all claims

and causes of action therein, from the Circuit Court for the State of Oregon for Multnomah

County, as follows:

    1.    On June 2, 2020, plaintiff Trueman Dieter ("Plaintiff") commenced the action

entitled *Dieter v. Walgreen Co.*, Case No. 20CV19546, in the Circuit Court for the State of

Oregon for Multnomah County.  A true and correct copy of Plaintiff's original putative class action complaint (the "Original Complaint") is attached hereto as part of Exhibit A.

2.     On March 5, 2021, Plaintiff filed in the Circuit Court for the State of Oregon for Multnomah County an amended complaint titled Complaint for Damages (the "Amended Complaint"), adding a prayer for statutory damages.  A true and correct copy of the Amended Complaint is attached hereto as part of Exhibit A.

3.     In the Amended Complaint, Plaintiff alleges that Defendant violated the Oregon Unlawful Trade Practices Act ("UTPA"), ORS 646.608(1)(j) & (s) by misrepresenting the amount of a price reduction on 5-pack Swisher Sweets cigarillos.  (Am. Compl. ¶¶ 4-5.)  Plaintiff seeks "$200 statutory damages, attorney fees and costs under ORS 646.638, and an injunction under ORS 646.636."  (*Id.* ¶ 5.)

4.     Pursuant to 28 U.S.C. § 1446(b)(3), this notice of removal is being filed within thirty days of receipt by Defendant of a copy of the Amended Complaint, which is the pleading "from which it may first be ascertained that the case is one which is or has become removable." This notice of removal is thus timely filed in accordance with 28 U.S.C. §§ 1446(b) and 1453(b).

5.     Defendant bases this notice of removal upon 28 U.S.C. § 1441(a), which permits defendants to remove any state court civil action over which the district courts of the United States have original jurisdiction.

6.     This Court has original jurisdiction over the Amended Complaint pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy is a putative class action in which a member of the putative class of plaintiffs is a citizen of a State different from the Defendant; the amount in controversy exceeds $5 million, exclusive of interest and costs; and the number of putative class members is 100 or more.

Page 2   -   DEFENDANT'S NOTICE OF REMOVAL

7.     This action is a putative class action as defined in Federal Rule of Civil Procedure 23 and Oregon Rule of Civil Procedure 32.  The Amended Complaint describes the action as a "class action on behalf of hundreds or thousands of other Oregon Walgreen customers."  (Am. Compl. ¶ 1.)

8.     Diversity jurisdiction as defined in 28 U.S.C. § 1332(d) exists among the putative class of plaintiffs and the Defendant.  Defendant is a corporation organized under the laws of Illinois, with its principal place of business located in Deerfield, Illinois.  Accordingly, Defendant is not a citizen of the State in which the action was originally filed (Oregon).  The putative class comprises 100 or more putative class members based on Plaintiff's allegation that the action was brought on behalf of hundreds or thousands of other Oregon Walgreen customers."  (Am. Compl. ¶ 1.)

9.     The matter in controversy exceeds $5 million, exclusive of interest and costs. Plaintiffs seek statutory damages of $200 per violation and attorneys' fees pursuant to ORS 646.638.  (Am. Compl. ¶ 5.)  Based on the "thousands" of putative class members and the attorneys' fees that would be incurred during the course of the litigation, the amount at issue exceeds $5 million.  *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (amount in controversy includes future attorneys' fees).

10.     This Court also has original jurisdiction over the Amended Complaint pursuant to 28 U.S.C. § 1332(a), which applies where (1) the action is between "citizens of different States," and (2) the amount in controversy exceeds $75,000.

11.     First, there is complete diversity between the named Plaintiff and the Defendant as defined in 28 U.S.C. § 1332(a)(1).  Defendant is a corporation organized under the laws of

Illinois, with its principal place of business located in Illinois.  Upon information and belief, the named Plaintiff is a citizen of Oregon.

12.     Second, the amount in controversy is in excess of $75,000 based on the attorney's fees sought by the named Plaintiff under ORS 646.638.  Based on Plaintiff's allegation that the putative class may consist of "thousands" of consumers, the Court may conclude that attorneys' fees will exceed $75,000.

13.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendant in this case are attached hereto as Exhibit A.

14.     Pursuant to 28 U.S.C. § 1446(d), Plaintiff will be provided with written notice of the filing of this notice of removal.

15.     Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal will be filed with the Clerk of the Circuit Court for the State of Oregon for Multnomah County.

WHEREFORE, Defendant Walgreen Co. removes this action from the Circuit Court for the State of Oregon for Multnomah County to this Court.

DATED:  March 15, 2021.

STOEL RIVES LLP


/s/ Stephen H. Galloway
TIMOTHY W. SNIDER, OSB No. 034577
timothy.snider@stoel.com
STEPHEN H. GALLOWAY, OSB No. 093602
stephen.galloway@stoel.com
Telephone:  503.224.3380

Attorneys for Defendant

110127710.1 0009869-00009

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR MULTNOMAH COUNTY

| | |
|---|---|
| **TRUEMAN DIETER** individually and on behalf of other customers | Case No. |
| | **COMPLAINT FOR EQUITABLE RELIEF** |
| Plaintiff | Unlawful Trade Practices |
| vs | Not Subject to Mandatory Arbitration |
| **WALGREEN CO.** | Filing Fee Authority: ORS 21.135 |
| Defendant | |

**1.**

**THE PARTIES**

Plaintiff files this class action on behalf of hundreds or thousands of other Oregon Walgreen customers who were subject to false advertising of certain Swisher Sweets 5-pack tobacco products. Walgreen is a national retail chain with 76 stores in Oregon and over $100 billion in annual revenue. As alleged in this complaint, Walgreen violated Oregon law by misleading consumers about the offering price and cost of certain Swisher Sweets tobacco products falsely represented as "5 for the price of 3". Walgreen also violated Oregon law by making false and misleading representations of fact concerning the reason for, and alleged existence of the "5 for the price of 3" price reduction.

**COMPLAINT** – Page 1 of 6

**2.**

Individual units of the Swisher Sweets tobacco product at issue can be purchased for 99 cents throughout Oregon. Walgreen's "5 for the price of 3" tobacco advertisement representation was false and misleading because Walgreen charged plaintiff and the putative class members between $3.99 and $4.99 for 5-packs that should have cost no more than $2.97 as advertised, including at locations where Walgreen did not even charge a price for individual units. Walgreen knew and understood that the "price of 3" should have been no more than $2.97, but Walgreen charged customers $3.99 to $4.99, a substantially greater amount.

**3.**

Walgreen's violation of the UTPA was willful and reckless because Walgreen was in control of and was aware of its pricing schemes. Walgreen knew that individual units of the 5-packs of tobacco products at issue were sold at a cost of 99 cents throughout Oregon, or were otherwise unavailable at Walgreen. Walgreen received notice that its 5-pack tobacco advertisements potentially violated Oregon law and Walgreen continued to promote the advertisement anyway. Walgreen was intimately familiar with the UTPA because it had been actively defending a separate UTPA advertising class action in Oregon at the time of its violations in this case. Walgreen knew customers would have received a better value had they purchased the tobacco products at issue in smaller quantities. Walgreen misrepresented the cost and alleged price reduction of its 5-packs in hopes of increasing sales and profits.

**COMPLAINT** – Page 2 of 6

**4.**

Plaintiff is an individual consumer residing in Portland, Oregon. Plaintiff paid $3.99 for a tobacco product 5-pack represented as "5 for the price of 3" from Walgreen in Portland, Oregon in or around May 2020. Individual units of Swisher Sweets were available for purchase for 99 cents each at a nearby location, and individual units were not even for sale at the Walgreen location. Walgreen's false representation that the 5-pack was being offered at a reduced price of "5 for the price of 3" prior to purchase caused plaintiff an ascertainable loss of the difference between the price Walgreen charged plaintiff for the 5-pack and the price as advertised. Plaintiff also relied on Walgreen's representation that the 5-pack was being offered at a reduced price of "5 for the price of 3" prior to purchase, causing ascertainable loss in the purchase price of the product because plaintiff would not have purchased the product if he had known that Walgreen had misrepresented the cost and price reduction of the product.

**COMPLAINT** – Page 3 of 6

**5.**

**CLAIM FOR RELIEF – VIOLATION OF ORS 646.608**

This is not a class action for damages at this time. Plaintiff intends to maintain this case as a class action for damages only if Walgreen fails to comply with ORCP 32 I. As alleged in this complaint, Walgreen willfully and recklessly violated ORS 646.608(1), including (j) and (s) as alleged in detail above, causing plaintiff and the putative class ascertainable losses in the difference in the price Walgreen charged  for the 5-pack and the price that Walgreen falsely advertised and in the amount paid for the 5-pack because plaintiff and the class would not have purchased these products if they had known they were going to pay a higher price than was advertised. Plaintiff seeks an injunction under ORS 646.636 to stop Walgreen's ongoing unlawful trade practices. Plaintiff and the putative class are also entitled to equitable relief in the form of an accounting, and unless agreed upon by Walgreen, an order to preserve sales records and customer data that pertain to this claim under ORS 646.638. Plaintiff and the class are entitled to recover attorney fees and costs under ORS 646.638.

**6.**

**REQUEST FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury.

**COMPLAINT** – Page 4 of 6

**7.**

**PRAYER FOR RELIEF**

**A.** An injunction prohibiting Walgreen from continuing to violate Oregon law as alleged in this complaint,

**B.** Orders directing Walgreen to preserve all sales records and other customer data pertaining to this case, appointing class counsel, certifying this case as a class action, and requiring payment of plaintiff's attorney fees and costs, and any other relief the Court deems necessary.

June 2, 2020

**RESPECTFULLY FILED,**

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**COMPLAINT** – Page 5 of 6

1

2                          **CERTIFICATE OF SERVICE**

3              I certify that I caused this document to be served on the following:

4

5      **Oregon Department of Justice**

6      **c/o Attorney General Ellen Rosenblum**
       **1162 Court St. NE**
7      **Salem, Oregon 97301-4096**

8

9      June 2, 2020

10                                              /s/ Michael Fuller
                                                **Michael Fuller, OSB No. 09357**
11                                              Lead Trial Attorney for Plaintiff
                                                OlsenDaines
12                                              US Bancorp Tower
                                                111 SW 5th Ave., Suite 3150
13                                              Portland, Oregon 97204
                                                michael@underdoglawyer.com
14                                              Direct 503-222-2000

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT** – Page 6 of 6

3/5/2021 11:34 AM
20CV19546

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR MULTNOMAH COUNTY

| | |
|---|---|
| **TRUEMAN DIETER**<br>individually and on<br>behalf of other customers<br><br>                        Plaintiff<br><br>            vs<br><br>**WALGREEN CO.**<br><br>                        Defendant | Case No. 20CV19546<br><br>**COMPLAINT FOR<br>DAMAGES**<br><br>Unlawful Trade Practices<br><br>Jury Trial Requested<br>Amount in Controversy: $200<br>Not Subject to Mandatory Arbitration<br>Filing Fee Authority: ORS 21.160(1)(a) |

1.

THE PARTIES

Plaintiff files this class action on behalf of hundreds or thousands of other Oregon Walgreen customers who were subject to false advertising of certain Swisher Sweets 5-pack tobacco products. Walgreen is a national retail chain with 76 stores in Oregon and over $100 billion in annual revenue. As alleged in this complaint, Walgreen violated Oregon law by misleading consumers about the offering price and cost of certain Swisher Sweets tobacco products falsely represented as "5 for the price of 3". Walgreen also violated Oregon law by making false and misleading representations of fact concerning the reason for, and alleged existence of the "5 for the price of 3" price reduction.

**COMPLAINT** – Page 1 of 5

**2.**

Individual units of the Swisher Sweets tobacco product at issue can be purchased for 99 cents throughout Oregon. Walgreen's "5 for the price of 3" tobacco advertisement representation was false and misleading because Walgreen charged plaintiff and the putative class members between $3.99 and $4.99 for 5-packs that should have cost no more than $2.97 as advertised, including at locations where Walgreen did not even charge a price for individual units. Walgreen knew and understood that the "price of 3" should have been no more than $2.97, but Walgreen charged customers $3.99 to $4.99, a substantially greater amount.

**3.**

Walgreen's violation of the UTPA was willful and reckless because Walgreen was in control of and was aware of its pricing schemes. Walgreen knew that individual units of the 5-packs of tobacco products at issue were sold at a cost of 99 cents throughout Oregon, or were otherwise unavailable at Walgreen. Walgreen received notice that its 5-pack tobacco advertisements potentially violated Oregon law and Walgreen continued to promote the advertisement anyway. Walgreen was intimately familiar with the UTPA because it had been actively defending a separate UTPA advertising class action in Oregon at the time of its violations in this case. Walgreen knew customers would have received a better value had they purchased the tobacco products at issue in smaller quantities. Walgreen misrepresented the cost and alleged price reduction of its 5-packs in hopes of increasing sales and profits.

**COMPLAINT** – Page 2 of 5

**4.**

Plaintiff is an individual consumer residing in Portland, Oregon. Plaintiff paid $3.99 for a tobacco product 5-pack represented as "5 for the price of 3" from Walgreen in Portland, Oregon in or around May 2020. Individual units of Swisher Sweets were available for purchase for 99 cents each at a nearby location, and individual units were not even for sale at the Walgreen location. Walgreen's false representation that the 5-pack was being offered at a reduced price of "5 for the price of 3" prior to purchase caused plaintiff an ascertainable loss of the difference between the price Walgreen charged plaintiff for the 5-pack and the price as advertised. Plaintiff also relied on Walgreen's representation that the 5-pack was being offered at a reduced price of "5 for the price of 3" prior to purchase, causing ascertainable loss in the purchase price of the product because plaintiff would not have purchased the product if he had known that Walgreen had misrepresented the cost and price reduction of the product.

**COMPLAINT** – Page 3 of 5

1

2                                    **5.**

3                **CLAIM FOR RELIEF – VIOLATION OF ORS 646.608**

4           As alleged in this complaint, Walgreen willfully and recklessly violated ORS

5
    646.608(1), including (j) and (s) as alleged in detail above, causing plaintiff and the
6
    putative class ascertainable losses in the difference in the price Walgreen charged
7

8   for the 5-pack and the price that Walgreen falsely advertised and in the amount paid

9   for the 5-pack because plaintiff and the class would not have purchased these
10
    products if they had known they were going to pay a higher price than was
11
    advertised. Plaintiff seeks $200 statutory damages, attorney fees and costs under
12

13  ORS 646.638, and an injunction under ORS 646.636 to stop Walgreen's ongoing

14  unlawful trade practices. Plaintiff and the putative class are also entitled to
15
    equitable relief in the form of an accounting, and unless agreed upon by Walgreen,
16

17  an order to preserve sales records and customer data that pertain to this claim under

18  ORS 646.638.
19
                          **REQUEST FOR JURY TRIAL**
20

21          Plaintiff respectfully requests a trial by jury.

22

23

24

25

26

27

28

COMPLAINT – Page 4 of 5

**6.**

**PRAYER FOR RELIEF**

**A.** Statutory damages, attorney fees, and costs,

**B.** An injunction prohibiting Walgreen from continuing to violate Oregon

law as alleged in this complaint,

**C.** Orders directing Walgreen to preserve all sales records and other

customer data pertaining to this case, appointing class counsel,

certifying this case as a class action, and requiring payment of plaintiff's

attorney fees and costs, and any other relief the Court deems necessary.

March 5, 2021

RESPECTFULLY FILED,

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**COMPLAINT** – Page 5 of 5